**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GLEN BOLLER, | ) | Case No. 4:23-cv-1997 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge Thomas M. Parker |
| | ) | |
| EVERYTHING ICE, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION AND ORDER

Defendant Everything Ice, Inc. hired Plaintiff Glen Boller to install ice rinks and assigned him to a project in West Virginia. Five weeks into the project, Mr. Boller requested disability accommodations. His supervisor instructed Mr. Boller to return home, then Defendant terminated his employment. Plaintiff filed suit alleging disability discrimination, failure to accommodate, and retaliation under federal and State law. (ECF No. 1.) Defendant moves to dismiss for lack of personal jurisdiction. (ECF No. 10.)

### FACTUAL BACKGROUND

This action arises from an employment dispute between Glen Boller and his former employer, Everything Ice, Inc. Because many of the facts alleged in the complaint largely have no bearing on the pending motion, the Court limits this statement of facts to those that are relevant to it. On this motion to dismiss, the Court takes the following allegations in the complaint as true and construes them in Plaintiff's favor.

Mr. Boller resides in Ohio and formerly worked for Everything Ice. (ECF No. 1, ¶ 1, PageID #1; ECF No. 1, ¶ 14, PageID #2.) Everything Ice is a Pennsylvania corporation that designs and manufactures ice skating rinks. (ECF No. 1, ¶ 2, PageID #1; ECF No. 10-1, PageID #85.) Everything Ice "has no physical location or employees in Ohio" but does "perform[] limited business within the State" (ECF No. 10-1, PageID #85), including "the shipment of prefabricated ice rinks from Pennsylvania to Ohio." (ECF No. 10-2, ¶ 4, PageID #95.) Everything Ice has installed at least one ice rink in Ohio, in Franciscan Square in Steubensville, Ohio. (ECF No. 13-1, ¶ 13, PageID #110.)

Mr. Boller started work with Everything Ice on July 23, 2022 (ECF No. 1, ¶ 15, PageID #2.) Mr. Boller was hired and assigned to work on an ice rink installation in Wheeling, West Virginia. (ECF No. 10-1, PageID #85; ECF No. 13, PageID #102). He stayed in a hotel for which Everything Ice paid during that project (*id.*) and did not perform any services for Everything Ice in Ohio (ECF No. 10-2, ¶ 6, PageID #95).

On August 27, 2022, Mr. Boller requested to leave work due to pain from a prior back injury. (ECF No. 1, ¶¶ 23 & 35–36, PageID #3–4.) In response to this request, his supervisor allowed him to leave work. (*Id.*, ¶ 44, PageID #4). The next day, Mr. Boller's supervisor informed him that he could not return to work without medical clearance. (*Id.*, ¶ 45, PageID #4.) While his complaint does not allege that Mr. Boller's supervisor specifically instructed him to return to Ohio, Plaintiff asserts that this occurred. (ECF No. 13, PageID #102; ECF No. 13-1, ¶ 9, PageID #109). On August 28, 2022, Everything Ice emailed Mr. Boller terminating his employment.

2

(ECF No. 13, PageID #102). Mr. Boller received the termination email while at home in Ohio. (*Id.*)

## ANALYSIS

Pursuant to Rule 12(b)(2), Defendant moves to dismiss for lack of personal jurisdiction. (ECF No. 10.) Without question, the Court has subject matter jurisdiction over Plaintiff's claims arising under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et* seq. Even then, the Court must still determine whether it has personal jurisdiction over Everything Ice. No matter if "jurisdiction arises under 28 U.S.C. §§ 1331 or 1332, Plaintiff must satisfy the forum state's requirements for personal jurisdiction." *Georgalis v. Facebook, Inc.*, 324 F. Supp. 3d 955, 958 (N.D. Ohio 2018).

The district court may "decide the motion on the materials submitted, permit discovery in order to aid in deciding the motion, and/or conduct an evidentiary hearing." *Id.* at 958 (citing *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)). If a court decides the motion to dismiss without additional materials or hearings, the Court must view the pleadings in the light most favorable to the plaintiff. *Serras* v. *First Tennessee Bank Nat. Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989) (citing *Marine Midland Bank, N.A.* v. *Miller*, 664 F.2d 899, 904 (2d Cir. 1981)); *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998) (quoting *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996)). And Plaintiff "need only make a 'prima facie' case" of jurisdiction. *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012). In this procedural posture, Plaintiff's burden is "relatively

slight." *American Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988). In the interest of judicial economy, the Court exercises its discretion to decide the motion on the record before it.

To exercise personal jurisdiction over Defendant, the Court must find that (1) Defendant is amenable to service of process under the State's long-arm statute; and (2) the exercise of personal jurisdiction comports with the Constitution's Due Process Clause. *Conn*, 667 F.3d at 712.

### I. Ohio's Long Arm Statute

Ohio's long-arm statute confers specific personal jurisdiction over an out-of-state defendant who engages in any of nine enumerated acts that occur "in this state." Ohio Rev. Code § 2307.382(A)(1)–(9). Plaintiff maintains that the statute confers personal jurisdiction over Defendant because Everything Ice admitted to transacting business in Ohio. (ECF No. 13, PageID #104.) Plaintiff also makes much of the fact that he was sent home and received the email terminating his employment while in Ohio. (*Id.*)

On those bases, Plaintiff asserts that four provisions of the Ohio long-arm statute are met. Specifically, according to Plaintiff, Defendant (1) transacted any business in this State; (2) contracted to supply services or goods in this State; (3) caused tortious injury by an act or omission in this State; and (6) caused tortious injury in this State to any person by an act outside this State committed with the purpose of injuring persons, when the person might reasonably have expected that some person would be injured thereby in this State. (ECF No. 13, PageID #104–05; *see* Ohio Rev. Code § 2307.382(A)(1)–(3) & (6).)

4

Regarding the first two prongs of the long-arm statute, Plaintiff's arguments miss the mark. Plaintiff contends that Defendant's occasional shipments to Ohio and installation of at least one ice rink in the State subject Everything Ice to personal jurisdiction in Ohio. However, for the statute to reach a defendant, the plaintiff's alleged injury must "arise[] from" the contacts with Ohio. *Brunner v. Hampson*, 441 F.3d 457, 465–66 (6th Cir. 2006); *see also Mosure v. Southwest Airlines, Co.*, No. 4:23-cv-1121, 2023 WL 6199762, at *3 (N.D Ohio, Sept. 22, 2023). And the defendant's contacts (transacting any business in the State or supplying goods or services in the State) must proximately cause the injury alleged. *Id.* Defendant's dealings in Ohio, unrelated to Mr. Boller's allegedly wrongful termination, do not permit the exercise of personal jurisdiction over Everything Ice under subsections (1) or (2) of Ohio's long-arm statute.

Next, Plaintiff maintains that under subsection (3), Defendant "caused tortious injury by an act or omission in this state" by terminating Mr. Boller's employment while he was in Ohio. Ohio Rev. Code § 2307.382(A)(3). (ECF No. 13, PageID #104.) On its face, however, this provision of the long-arm statute does not apply. Nothing in Plaintiff's allegations suggests that Defendant's acts or omissions occurred in Ohio even though they might have resulted in an injury here.

Finally, Plaintiff argues that Defendant caused "tortious injury in this state . . . by an act outside this state committed with the purpose of injuring persons when he might have reasonably expected that some person would be injured." Ohio Rev. Code § 2307.382(A)(6). Plaintiff claims that the email terminating his employment

5

caused tortious injury. Indeed, employment discrimination is a tort in Ohio. *See, e.g.*, *Reilly v. Alcan Aluminum Corp.*, No. 98-3566, 1999 WL 313879, at *2–4 (6th Cir. May 5, 1999); *Dugger v. Honeywell Int'l, Inc.*, No. 1:21-cv-00892, 2021 WL 5961624, at *5 (N.D. Ohio Dec. 16, 2021) (citing *Glass v. Tradesmen Int'l, LLC*, 505 F. Supp. 3d 747, 768 (N.D. Ohio 2020)). Taking Plaintiff's facts as alleged, the email terminating Mr. Boller was a discriminatory or retaliatory act that injured him and could reasonably be expected to do so. Other courts so hold as well. *See, e.g.*, *Farr v. Spatial Tech., Inc.*, 152 F.R.D. 113, 115–16 (S.D. Ohio 1993). Therefore, Plaintiff makes a *prima facie* showing that this prong of Ohio's long-arm statute subjects Everything Ice to personal jurisdiction.

## II. Due Process

Authorization under the state's long-arm statute does not end the analysis. Even where the State's long-arm statute authorizes the exercise of personal jurisdiction, doing so must comport with due process. *Beydoun v. Wataniya Rests. Holding, Q.S.C.*, 768 F.3d 499, 505 (6th Cir. 2014). The record does not support the exercise of general jurisdiction, and Plaintiff does not argue that Everything Ice is subject to general jurisdiction in Ohio.

Specific personal jurisdiction aligns with due process under the Constitution where "the defendant has sufficient minimal contacts such that traditional notions of fair play and substantial justice are not offended." *Intera Corp. v. Henderson*, 428 F.3d 605, 615–616 (6th Cir. 2005) (cleaned up). To make this determination, courts in this Circuit examine whether (1) the defendant purposefully availed himself of the privilege of acting or causing a consequence in the forum State; (2) the cause of action

arises from the defendant's activities there; and (3) the defendant's acts or the consequences of those acts have a substantial enough connection with the forum to make the exercise of jurisdiction over the defendant reasonable. *Bird v. Parsons*, 289 F.3d 865, 874 (6th Cir. 2002) (quoting *Southern Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)); *LAK, Inc. v. Deer Creek Enters.*, 885 F.2d 1293, 1299 (6th Cir. 1989).

### II.A. Purposeful Availment

A defendant purposefully avails itself of the privilege of conducting activities within the forum State where the defendant has a substantial connection to the State that makes it reasonable to anticipate litigation there. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474–75 (1985). The plaintiff must demonstrate that the defendant was more than a mere passive party, which did not initiate the original transaction and did not direct itself to the forum State. *Friedman v. Speiser, Krause & Madole, P.C.*, 56 Ohio App. 3d 11, 14, 565 N.E.2d 607, 609-10 (Ohio Ct. App. 1988). The defendant's contact with the forum State must also be more than "random, fortuitous, or attenuated." *Burger King*, 471 U.S. at 475 (internal quotations omitted). A court focuses on a defendant's "contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden v. Fiore*, 571 U.S. 277, 285 (2014).

Here, Plaintiff argues that Everything Ice purposefully availed itself of the privilege of conducting activities within Ohio when it sent Mr. Boller home and later emailed him to terminate his employment knowing that Boller was in Ohio (ECF No. 13, PageID #105–06.) Without admitting to sending Plaintiff home, Defendant

7

contends that even if it did send Plaintiff home, that action necessarily occurred in West Virginia. (ECF No. 14, PageID #112.)

Construing the record in Plaintiff's favor, where "home" is for Mr. Boller on the alleged facts and circumstances was of no consequence to Everything Ice. It made no difference to Everything Ice whether Mr. Boller lived in Ohio, Pennsylvania, or for all it cared Alaska. Similarly, where Everything Ice directed the email to Mr. Boller did not matter. It had no interest in where the email was received, so long as Mr. Boller received it. These actions are the sort of random, fortuitous, and attenuated acts that do not provide a basis for the exercise of personal jurisdiction under the Due Process Clause. *See Burger King*, 471 U.S. at 475; *see also Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 151 (6th Cir. 1997). The fact that any action Everything Ice undertook had a consequence in Ohio was entirely fortuitous and beyond its control. This is not a case where Defendant "purposefully reached out beyond their state" and into Ohio. *Walden*, 571 U.S. at 285 (internal citations omitted). "Plaintiff cannot be the only link between the defendant and the forum." *Id.* But such is the case based on this record.

### II.B. Additional Due-Process Analysis

Because the Court determines that Everything Ice did not purposefully avail itself of conducting any action in Ohio, it need not conduct further analysis under the Due Process Clause.

## CONCLUSION

For the foregoing reasons, the Court determines that it lacks specific jurisdiction over Everything Ice. Where a court lacks jurisdiction, it may transfer or

dismiss the case. A district court abuses its discretion where it dismisses an action without determining whether transfer is in the interests of justice. *Jackson v. L&F Martin Landscape*, 421 F. App'x 482, 484 (6th Cir. 2009). Here, the Court determines that transfer does not advance the interests of justice. A plaintiff's choice of forum receives great weight. Plaintiff could plausibly file suit in Pennsylvania or West Virginia. The Court will not make that choice for him and, even if it wanted to do so, has no basis on which to determine an appropriate venue. Accordingly, the Court **DISMISSES** this action **WITHOUT PREJUDICE**.

**SO ORDERED.**

Dated: January 31, 2024

J. Philip Calabrese
United States District Judge
Northern District of Ohio